1 **WO**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| J & J Sports Productions, Inc., | No. CV-17-1026-PHX-DGC |
| Plaintiff, | CV-17-1321-PHX-DGC (Consolidated) |
| v. | **ORDER** |
| Arturo Rubio, an individual; J.R.R. Restaurant, LLC, d/b/a Filiberto's Mexican Food, | |
| Defendants. | |

The Court granted summary judgment against Defendants Arturo Rubio and J.R.R. Restaurant, LLC for violations of 47 U.S.C. § 605 and awarded $6,700 in damages to Plaintiff J & J Productions, Inc. Doc. 41. Plaintiff has filed a motion for attorneys' fees and non-taxable expenses. Doc. 42. The motion is fully briefed, and oral argument has not been requested. Docs. 46, 47. The Court will grant the motion in part.

**I.  Legal Standard.**

A party requesting an award of attorneys' fees must show that it is (a) eligible for an award, (b) entitled to an award, and (c) requesting a reasonable amount. *See* LRCiv 54.2(c). Section 605 provides that the Court "shall direct the recovery of full costs, including reasonable attorneys' fees to an aggrieved party who prevails" under the statute. 47 U.S.C. § 605.

To determine the reasonableness of requested attorneys' fees, federal courts generally use the "lodestar" method. *See Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989);

*United States v. $186,416.00 in U.S. Currency*, 642 F.3d 753, 755 (9th Cir. 2011). The Court must determine the initial lodestar figure by taking a reasonable hourly rate and multiplying it by the number of hours reasonably expended on the litigation. *Blanchard*, 489 U.S. at 94 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The Court then "determines whether to modify the lodestar figure, upward or downward, based on factors not subsumed in the lodestar figure." *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016). "These factors are known as the *Kerr* factors." *Stetson v. Grissom*, 821 F.3d 1157, 1166-67 (9th Cir. 2016) (citing *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)).

**II. Discussion.**

Plaintiff was represented by the Law Offices of Thomas P. Riley, P.C. in this matter and requests $12,019 in attorneys' fees and $1,250 in investigative costs. This amount represents $3,090 for 6.18 hours of work by Mr. Riley at $500 per hour; $6,300 for 21 hours of work by a research attorney at $300 per hour; $2,629 for 26.29 hours of work by an administrative assistant at $100 per hour; and $1,250 for two investigative expenses. Docs. 42 at 1,3; 42-2 at 4, 17.

**A. Attorneys' Fees.**

Defendants assert that Plaintiff's counsel has not provided "convincing documentation to support its assertion that the rates charged are reasonable specifically in this jurisdiction." Doc. 46 at 7. Reasonable hourly rates are determined "by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 908 (9th Cir. 1995) (internal quotation marks omitted). Plaintiff's counsel has approximately 25 years of experience specializing in commercial broadcast, licensing rights, and satellite agreements, and his research attorney has practiced law for over 24 years. Doc. 42-2 at 3. Mr. Riley's declaration states that he and his research attorney are among only a handful of attorneys who specialize in civil prosecution of commercial signal piracy claims on behalf of promoters and closed-circuit distributors of major sporting

events. *Id.* Plaintiff also cites several cases from this district showing that his and his employees' billing rates are within the range of reasonable rates in Phoenix. *See* Doc. 42-1 at 5-6.

Plaintiff has met its initial burden of showing the charged rates are reasonable, and Defendants offer no contrary evidence. The Court will not reduce counsel's hourly rates for this reason. *See Chaudhry v. City of L.A.*, 751 F.3d 1096, 1110-11 (9th Cir. 2014); *see, e.g.*, *Massage Envy Franchising LLC v. Doc Marketing LLC*, No. CV-15-02129-PHX-DLR, 2016 WL 5464594, at *2 (D. Ariz. Sept. 29, 2016) (partners' hourly billing rates of $495, $589, and $639.60 reasonable for seeking injunctive relief and compliance with settlement agreement); *Alliance Labs, LLC v. Stratus Pharms., Inc.*, No. 2:12-cv-00927 JWS, 2013 WL 3298162, at *3 (D. Ariz. July 1, 2013) (finding $520 hourly median partner rate and $330 hourly median associate rate reasonable for work on motion to compel).

Defendants challenge the total amount of Plaintiff's requested fees for lack of contemporaneous billing records. Doc. 46 at 5. Generally, fees are not compensable if the attorneys failed to maintain time records contemporaneously. *See Ariz. Dream Act Coalition v. Brewer*, No. CV 12-02546-PHX-DGC, 2018 WL 6448395, at *7 (D. Ariz. Dec. 10, 2018) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 438 n.13 (1983) (affirming thirty percent reduction for lack of contemporaneous time records)); *New York State Assoc. for Retarded Children v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). Lawyers must keep records of work performed and time expended. It is not enough to recreate the records from documents, calendars, and other extrinsic evidence. *Kottwitz v. Colvin*, 114 F. Supp. 3d 145, 150 (S.D.N.Y. 2015).

Plaintiff's motion and reply concede that the billing records were not created contemporaneously with work performed. Docs. 42-1 at 6; 47 at 4. Mr. Riley's declaration states that his firm's "[b]illable hours for legal services rendered [were] reconstructed by way of a thorough review of the files themselves. [And that having] handled thousands of commercial signal piracy files over the last decade and a half, [the firm is] most capable of calculating billable hours for legal services rendered." Doc. 42-2 at 6.

Because Plaintiff's time records were improperly created after the work was performed, it is impossible for the Court to determine the accuracy of the entries. The Court will not credit after-the-fact records and will accordingly reduce Plaintiff's requested fees by 50%. *See Hensley*, 461 U.S. at 438 n.13; *Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992); *Ariz. Dream Act Coalition*, 2018 WL 6448395, at *8.

Defendants assert several other bases for reducing the requested amount: Plaintiff's fees are disproportionate to the $6,700 of damages awarded; Plaintiff failed to engage in good faith settlement discussions; the requested amount incentivizes defendants in § 605 cases to default; and Plaintiff has filed thousands of similar cases. Doc. 46 at 2-10. Defendants also argue the Court should award only about 5% of the requested fees, proportionate to the awarded damages when compared to those sought. *Id.* at 3. After considering Defendants' arguments and Plaintiff's time entries, the Court finds the requested fees otherwise reasonable and declines to further reduce the award. The Court cannot accept Defendants' arguments that the number of cases Plaintiff pursues to protect its statutory interests, nor Plaintiff's counsel's advocacy and refusal to settle, justify a 95% reduction. Defendants cite no authority for such a proposition.

### B. Investigator Fees.

Defendants challenge Plaintiff's request for $1,250 for two charges of $625 spent on its investigator. Docs. 42 at 3; 42-2 at 22-23; 46 at 7. Investigative costs are not attorneys' fees, and Plaintiff does not contend that it obtained prior court approval to tax its investigator fees or expenses pursuant to Local Rule 54.1(e)(10). *See J & J Sports Prods., Inc. v. Mosqueda*, No. CV-12-00523-PHX-DGC, 2013 WL 5336848 (D. Ariz. Sept. 24, 2013). Rather, Plaintiff appears to seek these fees under § 605. *See* Doc. 42 at 2-3. The only authority from this district that Plaintiff cites is a one-page order awarding Plaintiff's counsel all requested attorneys' fees and costs without explanation, including investigative expenses. *See J & J Sports Prods., Inc. v. Jimenez*, 16-cv-01214-JJT at Doc. 23.

Courts are split on whether investigative fees are recoverable under § 605, which provides that the court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." *See J&J Sports Prods., Inc. v. Gonzalez*, No. 1:17-cv-00678-CL, 2018 WL 1515097, at *3 (D. Or. Feb. 14, 2018) (citing cases); 47 U.S.C. § 605(e)(3)(B)(iii). In *Kingvision Pay-Per-View Ltd. v. Autar*, 426 F. Supp. 2d 59, 67 (E.D.N.Y. 2006), the court held that recoverable "full costs" in § 605(e)(3)(B)(iii) exceeded the types of "taxable costs" listed elsewhere in the statute because full costs include attorneys' fees, not a listed taxable cost. The court also reasoned that the legislative history of § 605 supported an aggrieved party's ability to recover investigative fees. 426 F. Supp. At 67.

The *Autar* court held that to "recover investigative costs a plaintiff must make a showing similar to that required to recover attorneys' fees . . . [documenting] (1) the amount of time necessary for the investigation; (2) how much the investigators charged per hour; [and] (3) why the investigators are qualified to demand the requested rate." *Id.* (internal quotations and citation omitted); *see also Kingvision Pay-Per-View Ltd. v. Lalaleo*, 429 F. Supp. 2d 506, 511 (E.D.N.Y. 2006) (same).

Some courts have followed the *Autar* approach. *See Joe Hand Promotions, Inc. v. Upstate Recreation*, No. 6:13-2467-TMC, 2015 WL 685461, at *9 (D. S.C. Feb. 18, 2015) (not awarding fees where plaintiff provided no detail about $450 investigative fee). Others have awarded investigative costs without requiring this showing. *See Gonzalez*, 2018 WL 1515097, at *3; *J&J Sports Prods., Inc. v. Paz-Padilla*, No. 3:12-cv-02228-GPC-WMC, 2013 WL 6002872, at *1 (S.D. Cal. Nov. 12, 2013); *cf. Joe Hand Promotions, Inc. v. Pollard*, No. CIV S-09-03155 MCE DAD, 2010 WL 2902343 at *5 (E.D. Cal. July 22, 2010) (without discussion, declining to award investigator fees because the amounts were not adequately documented). And still others have found investigative fees unrecoverable. *See J&J Sports Prods., Inc. v. Brummell*, No. 15cv2601-MMA (MDD), 2016 WL 4595140, at *2 (S.D. Cal. Sept. 2, 2016) ("district courts in California continue to conclude that a plaintiff in [a § 605 case] should not recover investigative fees, particularly when the

request for fees is insufficiently supported"); *Garden City Boxing Club, Inc. v. Conway*, No. 06 Civ. 3145(BSJ)(HBP), 2009 WL 125434, at *5 (S.D.N.Y. Jan. 20, 2009) (finding statute unclear about whether investigator fees were recoverable and noting insufficient evidence of the reasonableness of the fees, citing *Autar*).

The Court is persuaded by the reasoning in *Autar*, and its requirement that a § 605 plaintiff cite evidence of the basis for and reasonableness of investigative fees sought, including time spent on the investigation and the investigator's hourly rate and qualifications justifying the charged rate. *See Autar*, 426 F. Supp. 2d at 67. Plaintiff's motion contains only two invoices that appear to be redacted. One, dated May 23, 2016, includes an itemized charge for $625, but the total reads $1,275. Doc. 42-2 at 22. The other, dated June 16, 2016, has only one itemized charge for $625. Doc. 42-2 at 23. Neither invoice includes information about hours spent on the investigation or the investigator's hourly rate. Nor does Plaintiff's motion otherwise explain the reasonableness of these requested fees. Docs. 42, 47. Given insufficient evidence regarding the basis for and reasonableness of these costs, the Court will not award the investigative charges.

### C. Taxable Costs.

Plaintiff's Bill of Costs seeks $800 in filing fees, $351 in service of summons fees, and $70 in pro hac vice fees. Doc. 43. Fees for admission pro hac vice are not taxable. *See* LRCiv 54.1(e). The Court will award $1,151 in taxable costs.

**IT IS ORDERED** that Plaintiff's motion (Doc. 42) is **granted in part** as set forth above. Defendants are ordered to pay $6,009.50 in attorneys' fees and $1,151 in taxable costs to Plaintiff.

Dated this 9th day of April, 2019.

David G. Campbell
Senior United States District Judge